## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement and Agreement and General Release ("Agreement") is made and entered into this 14 day of September 2016 by and between JORGE LOPEZ ("Lopez") and MARIO TREJO ("Trejo," collectively "Plaintiffs") and MARFI CONTRACTING CORP., ANASTASIOS FIKIAS AND HELEN FIKIAS (together, "Defendants").

**WHEREAS,** Plaintiffs filed a complaint (the "Complaint") on or about September 2, 2015 against Defendants in the United States District Court for the Eastern District of New York (the "Court") captioned *Lopez v. Marfi Contracting Corp., et al.*, Case No. 15-cv-5118 (PKC) (JO) (the "Lawsuit"); and

**WHEREAS,** the Parties exchanged information relevant to Plaintiffs' claims and Defendants' defenses, exchanged damages calculations, participated in voluntary settlement negotiations and desire to resolve their differences and settle all claims and issues alleged in the Complaint; and

**NOW, THEREFORE,** in consideration of the mutual promises and covenants contained in this Agreement and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties intending to be legally bound agree as follows:

1. <u>Nature of Agreement and Non-Admission of Liability</u>. This Agreement is an agreement of settlement and compromise, and by entering into this Agreement none of the parties agree or concede in any manner whatsoever that they violated any law or statute of any jurisdiction, breached any duty, responsibility or contract, or acted improperly in any manner. It is understood and agreed that nothing in this Agreement shall be interpreted or construed as the admission of any wrongdoing or liability by any or all of the parties or by any person or entity acting for or on behalf of any or all of the parties. By signing this Agreement, Plaintiffs represent that, once they receive the payments set forth below in paragraph 2 below, Plaintiffs will have been paid all compensation owed to them and there are no other monies owed to Plaintiffs by Defendants.

2. <u>Consideration</u>. In consideration for signing this Agreement and complying with its terms, Defendants agree to pay the sum of THIRTY-FIVE THOUSAND DOLLARS ($35,000.00) (the "Settlement Amount") to Plaintiffs, in accordance with the following terms and allocation requested by Plaintiffs.

    a. A "First Settlement Payment" totaling SEVENTEEN THOUSAND FIVE-HUNDRED DOLLARS ($17,500.00), allocated as follows:

        i. Plaintiffs and their counsel shall receive the following five (5) checks from Defendants or their designee: THREE THOUSAND THREE-HUNDRED SEVENTY-FIVE DOLLARS ($3,375.00), payable to Lopez, for alleged back wages, which shall be subject to all applicable deductions and withholdings and will be reported on a Form W-2; THREE THOUSAND THREE-HUNDRED SEVENTY-FIVE DOLLARS ($3,375.00), payable to Lopez, for liquidated damages and/or interest allegedly owed on allegedly unpaid back wages, subject to the issuance of a Form 1099 for non-wage income; THREE THOUSAND THREE-HUNDRED

SEVENTY-FIVE DOLLARS ($3,375.00), payable to Trejo, for alleged back wages, which shall be subject to all applicable deductions and withholdings and will be reported on a Form W-2; THREE THOUSAND THREE-HUNDRED SEVENTY-FIVE DOLLARS ($3,375.00), payable to Trejo, for liquidated damages and/or interest allegedly owed on allegedly unpaid back wages, subject to the issuance of a Form 1099 for non-wage income; and FOUR THOUSAND DOLLARS ($4,000.00), payable to Virginia & Ambinder, LLP, for attorneys' fees, subject to the issuance of a Form 1099. Plaintiffs' counsel shall furnish Defendants' counsel with a completed Form W-9 prior to cashing or depositing this check. Plaintiffs agree to indemnify Defendants and hold Defendants harmless from and against any losses, claims, damages, penalties, expenses (including attorneys' fees) and liabilities arising out of or relating to the tax treatment of the payments made under this paragraph 2(a).

       b. A "Second Settlement Payment" totaling SEVENTEEN THOUSAND FIVE-HUNDRED DOLLARS ($17,500.00), allocated as follows:

          i. Plaintiffs and their counsel shall receive the following five (5) checks from Defendants or their designee: THREE THOUSAND THREE-HUNDRED SEVENTY-FIVE DOLLARS ($3,375.00), payable to Lopez, for alleged back wages, which shall be subject to all applicable deductions and withholdings and will be reported on Form W-2; THREE THOUSAND THREE-HUNDRED SEVENTY-FIVE DOLLARS ($3,375.00), payable to Lopez, for liquidated damages and/or interest allegedly owed on allegedly unpaid back wages, subject to the issuance of a Form 1099 for non-wage income; THREE THOUSAND THREE-HUNDRED SEVENTY-FIVE DOLLARS ($3,375.00), payable to Trejo, for alleged back wages, which shall be subject to all applicable deductions and withholdings and will be reported on Form W-2; THREE THOUSAND THREE-HUNDRED SEVENTY-FIVE DOLLARS ($3,375.00), payable to Trejo, for liquidated damages and/or interest allegedly owed on allegedly unpaid back wages, subject to the issuance of a Form 1099 for non-wage income; and FOUR THOUSAND DOLLARS ($4,000.00), payable to Virginia & Ambinder, LLP, for attorneys' fees, subject to the issuance of a Form 1099. Plaintiffs' counsel shall furnish Defendants' counsel with a completed Form W-9 prior to cashing or depositing this check. Plaintiff agrees to indemnify Defendants and hold Defendants harmless from and against any losses, claims, damages, penalties, expenses (including attorneys' fees) and liabilities arising out of or relating to the tax treatment of the payments made under this paragraph 2.

3.    <u>Payment of the Settlement Amount</u>

       a.    All payments shall be sent to the attention of Plaintiffs' counsel: James Murphy, Esq., Virginia & Ambinder, LLC, 40 Broad Street, 7th Floor, New York, NY 10004.

       b.    Payment of the First Settlement Payment due pursuant to paragraph 2 shall be made upon the later of either (a) 30 days following the Court's approval of this Agreement, or (b) October 15, 2016.

       c.    Payment of the Second Settlement Payment due pursuant to paragraph 2 shall be made no later than November 15, 2016.

        d.     In the event that the Settlement Amount is not paid as set forth in paragraphs 3(b) and (c) above, or any check fails to clear, Plaintiffs' counsel shall serve a written notice ("Default Notice") upon Defendants' counsel by email and certified mail, and the Defendants shall have ten (10) business days from the receipt of such certified mailing of the Default Notice to cure the default by mailing a replacement check or checks.

        4.     <u>Release and Covenant Not To Sue</u>. Plaintiffs hereby irrevocably and unconditionally release from and forever discharge and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers, any and all claims for damages, salaries, wages, compensation, overtime compensation, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated and other damages, interest, attorneys' fees and costs, and for any claim brought, or that could have been brought under the Fair Labor Standards Act ("FLSA") or New York Labor Law ("NYLL"), and/or any local, state or federal wage statute, code or ordinance, or under the common law of the State of New York or of any other State, or the United States, and Plaintiffs hereby acknowledge that this Agreement, and the monies received by Plaintiffs and referenced herein, are a fair and reasonable resolution of a bona fide dispute over FLSA and NYLL provisions. Nothing in this Agreement shall operate to preclude Plaintiffs from enforcing, or shall adversely affect their right or ability to enforce this Agreement.

        5.     <u>Effective Date</u>. This Agreement shall be effective and enforceable upon its execution. The parties acknowledge that, upon the execution of this Agreement by Plaintiff and Defendants, it will be binding upon the parties and is irrevocable.

        6.     <u>Knowing and Voluntary Waiver and Release</u>. Each of the parties hereto has been represented by its own counsel and/or has had the opportunity to consult with its own counsel and acknowledges that it has participated in the drafting of this Agreement; any applicable rule of construction to the effect that ambiguities are to be resolved against the drafting party shall not be applied in connection with the construction or interpretation of this Agreement.

        7.     <u>Counterparts</u>. This Agreement may be signed in one or more counterparts (including facsimile or scanned signatures), each of which shall be deemed an original, but all of which shall constitute the same instrument.

        8.     <u>Binding Effect</u>. This Agreement shall inure to the benefit of and be binding upon each Party's successors, assigns, heirs, representatives, officers and directors.

        9.     <u>Governing Law and Interpretation</u>. This Agreement shall be governed, interpreted and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provisions. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction, the parties authorize the court to interpret or modify the provision(s) to be enforceable. If that cannot be done, such provision(s) shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

10. <u>Entire Agreement</u>. This Agreement sets forth the entire agreement between the parties, fully supersedes any prior or contemporaneous agreements or understandings between the parties and satisfies all Defendants' obligations to Plaintiffs.

11. <u>Modification</u>. This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

12. <u>Section Headings</u>. Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

13. <u>Authority to Sign</u>. The individuals signing this Agreement expressly represent that they are authorized to do so by the individual(s) and/or entities they represent.

14. <u>Notices</u>. Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mail and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiffs:

James Murphy, Esq.
Virginia & Ambinder, LLP
40 Broad Street, 7th Floor,
New York, NY 10004

To Defendants:

David N. Kleinmann, Esq.
Tarter Krinsky & Drogin, LLP
1350 Broadway, 11th Floor
New York, NY 10018

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: 09-19-16

_____
Jorge Lopez

STATE OF NEW YORK    )
                     )SS.:
COUNTY OF            )

On September ___, 2016 before me personally came JORGE LOPEZ, known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledge to me that he executed the same.

_____
Notary Public

Dated: 9-14- 2016          _____
                                                                         Mario Trejo

STATE OF NEW YORK   )
                               )SS.:
COUNTY OF                 )

On September ___, 2016 before me personally came MARIO TREJO, known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledge to me that he executed the same.

                                                      _____
                                                                   Notary Public

Dated: 9/14/16

_____
Anastasios Fikias

STATE OF NEW YORK    )
                                        )SS.:
COUNTY OF Richmond )

On September 14, 2016 before me personally came ANASTASIOS FIKIAS, known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, individually and on behalf of MARFI CONTRACTING, CORP., and duly acknowledge to me that she executed the same.

_____
Notary Public

ANGELA KILADITIS
NOTARY PUBLIC-STATE OF NEW YORK
No. 01KI6325343
Qualified in Richmond County
My Commission Expires May 26, 2019

Dated: 9/14/16

_____
Helen Fikias

STATE OF NEW YORK    )
                                        )SS.:
COUNTY OF Richmond )

On September 14, 2016 before me personally came HELEN FIKIAS, known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, individually and on behalf of MARFI CONTRACTING, CORP., and duly acknowledge to me that she executed the same.

_____
Notary Public

ANGELA KILADITIS
NOTARY PUBLIC-STATE OF NEW YORK
No. 01KI6325343
Qualified in Richmond County
My Commission Expires May 26, 2019